| | |
|---|---|
| OAK RIVER INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMUEL R. GENTRY,<br>**Serve:    RR 1 Box 597<br>              Butler, Missouri 64730**<br><br>S2S REAL ESTATE MANAGEMENT, LLC,<br>**Serve:    RR 1 Box 597<br>              Butler, Missouri 64730**<br><br>and LISA CHRISTIANSEN,<br>**Serve:    16519 S. Mullen Road<br>              Belton, Missouri 64012**<br><br>        Defendants. | Case No.: 4:19-cv-459 |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Oak River Insurance Company ("Oak River"), by and through its undersigned counsel, and for its Declaratory Judgment Complaint states as follows:

### INTRODUCTION

1. This is a declaratory judgment action seeking a determination that there is no duty to defend and indemnify Defendants Samuel R. Gentry and S2S Real Estate Management, LLC against the wrongful death claim brought against them by Defendant Lisa Christiansen arising out of the shooting death of Tammy Christiansen (the "Decedent").

### THE PARTIES

2. At all relevant times, Plaintiff Oak River Insurance Company ("Oak River") was a Nebraska insurance company with its principal place of business in Omaha, Nebraska.

3. At all relevant times, Defendant Samuel R. Gentry ("Gentry") was a citizen of the State of Missouri. Gentry may be served at RR 1 Box 597, Butler, Missouri 64730.

4. Upon information and belief, Defendant S2S Real Estate Management, LLC ("S2S") has never been registered with any state secretary of state, is not a valid legal entity, and has no legal capacity to sue or be sued. Even if S2S is a properly formed limited liability company, upon information and belief, Gentry, a Missouri resident, is its sole member. Gentry may be served at the address listed in Paragraph 3, *supra*, or at 1408 West Wall Street, Harrisonville, MO 64701.

5. At all relevant times, Defendant Lisa Christiansen ("Ms. Christiansen") was a citizen of the State of Missouri. Upon information and belief, Ms. Christiansen may be served at 16519 S. Mullen Road, Belton, Missouri 64012-2156.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1332 and 2201. This action involves a declaratory judgment between citizens of different states. The amount in controversy also exceeds $75,000. This is a wrongful death claim that also seeks punitive/aggravating circumstances damages. The limits of insurance at issue are $500,000 per occurrence. The cost of defending a wrongful death lawsuit also almost certainly will exceed $75,000.

7. Venue is proper because the Named Insured is a Butler, Missouri resident; the insured risk(s) are in Harrisonville, Missouri; the determinations on coverage were sent to Gentry in Butler, Missouri; the events that are the subject of the Christiansen claim occurred in Harrisonville, Missouri; and, upon information and belief, at least some of the acts related to policy formation and delivery occurred in Butler, Missouri.

## FACTUAL BACKGROUND

8. Brian Park ("Parks") murdered Decedent at her rented residence at 1003 N. Independence, Harrisonville, Missouri (the "Premises") on or around November 28, 2016.

9. Parks fatally shot Decedent in the forehead.

10. Parks also shot Sylvester Harbour ("Harbour"), the uncle of Decedent's roommate, in the back after Harbour awoke to find Parks standing over him with a handgun.

11. Prior to Decedent's death, Decedent may have been in a romantic relationship with Parks or at least had a social relationship with him, including having him in the premises for a social occasion a few days before her murder.

12. Gentry is the record owner of the Premises.

13. Parks is alleged to have been acting as a maintenance man for the Premises and to have had access to the Premises in order to perform his maintenance duties.

14. Upon information and belief, Parks is not Gentry's or S2S's employee.

15. Parks was not performing any authorized or requested maintenance work on behalf of Gentry and/or S2S at the time of the murder.

16. On or about September 19, 2018, Parks was found guilty by a Cass County, Missouri jury on the following charges: Murder 1st Degree (Mo. Rev. Stat. § 565.020, Felony A), two counts of Armed Criminal Action (Mo. Rev. Stat. § 571.015, Unclassified Felony), Assault – 1st Degree or Attempt (Mo. Rev. Stat. § 565.050, Felony B), and Unlawful Possession of a Firearm (Mo. Rev. Stat. § 571.070, Felony C).

17. Gentry first reported a claim to Oak River on or about October 25, 2018, after the guilty verdicts and just 34 days shy of two years after the murder.

18. On or about November 5, 2018, Parks was sentenced to life in prison without the

possibility of parole for first degree murder; 20 years and 15 years, respectively, for the two counts of armed criminal action; 15 years for first degree assault; and 7 years for unlawful possession of a firearm. The sentences for the non-murder charges are to be served consecutively to the life sentence. A copy of the Verdict Forms is attached hereto as **EXHIBIT A**. A copy of the Judgment is attached hereto as **EXHIBIT B**.

19. Counsel for Ms. Christiansen has threatened to sue Gentry for the wrongful death of Decedent and has demanded payment of $500,000.00, which is the policy limit.

## THE POLICY

20. Oak River issued Policy No. 04PRM003101-03 (the "Policy") to Named Insured Samuel R. Gentry for the policy period beginning March 16, 2016 and ending March 16, 2017. It is a Commercial Lines Policy that includes commercial general liability coverage policy. A copy of the Policy is attached hereto as **EXHIBIT C**.

21. The Policy's commercial general liability coverage form provides certain coverage for "bodily injury" in the Coverage A Insuring Agreement, subject to all terms conditions, limitations exclusions, and endorsements. The Coverage A Insuring Agreement states:

> …
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under SECTION II – WHO IS AN INSURED.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION V – DEFINITIONS.
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY**

DAMAGE LIABILITY

1. **Insuring Agreement.**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

    …

    b. This insurance applies to "bodily injury" and "property damage" only if:

    …

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" [occurs during the policy period.]

    …

    e. Damages because of "bodily injury" include damages claimed by any person or organiza[tion for care, loss of services or death resulting at any time from the "bodily injury".]

(Ex. C, Form GL 2000 04 97, Coverage A Insuring Agreement, § I.A.1., p. 1; Form CG 00 57 09 99).

22. "Bodily injury" is defined in the Policy's commercial general liability coverage form as "actual physical injury, sickness or disease sustained by a person, including death resulting from any of these at any time, and psychological injury, mental anguish or emotional distress but

5
Case 4:19-cv-00459-JTM   Document 1   Filed 06/13/19   Page 5 of 12
4841-3562-4341.3

only if arising from such physical injury, sickness or disease." (*Id.* at Definitions, § V.3., p. 16).

23. "Occurrence" is defined in the Policy's commercial general liability coverage form as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at § V.12., p. 18).

24. The Policy sets forth the following provisions qualifying who is considered an insured under the commercial general liability coverage form:

> **SECTION II – WHO IS AN INSURED**
>
> **1.** If you are designated in the Declarations as:
>
> > **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>
> …
>
> …
>
> **2.** Each of the following is also an insured:
>
> > **a.** Your "employees" … but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …
> >
> > …
> >
> > **b.** Any person (other than your "employee"), or any organization while acting as your real estate manager.
>
> …
>
> **4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:
>
> > **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;
> >
> > **b.** Coverage A does not apply to "bodily injury" or "property

> damage" that occurred before you acquired or formed the organization …

(*Id.* at Who Is An Insured, § II, pp. 11–12).

25. The Policy's commercial general liability coverage form defines "employee" to "include[] an 'executive officer' or 'leased worker.' 'Employee' does not include a 'temporary worker.'" (*Id.* at Definitions, § V.5., p. 17).

26. Coverage under Coverage A of the Policy's general liability coverage form is limited by the Designated Operations and Designated Premises endorsements. The Designated Operations endorsement provides:

> **DESIGNATED OPERATIONS – LIMITATION**
>
> …
>
> **SCHEDULE**
>
> **Description of Operation(s):**
>
> RENTAL DWELLING OWNER
>
> This insurance applies only to "bodily injury," … arising out of the operation(s) show in the Schedule above.

(*Id.* at Form CL 5710 01 95). The Designated Premises endorsement provides:

> **DESIGNATED PREMISES OR PROJECTS – LIMITATION**
>
> …
>
> **SCHEDULE**
>
> **Premises:**
>
> See CGS 0002.
>
> …
>
> This insurance applies only to "bodily injury," … arising out of:
>
> **1.** The ownership, maintenance or use of the premises shown in the Schedule above[.]

(*Id.* at Form CL 5715 07 95). CGS 0002 lists the 1003 N Independence location. (*Id.* at Form CGS 0002 05 13).

27. The Punitive Damages Exclusion in an endorsement to the Policy's commercial general liability coverage form limits the potential coverage for damages available to an insured, and provides as follows:

**PUNITIVE DAMAGES EXCLUSION**

...

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

(*Id.* at Form ILM 0025 09 95).

28. The Assault and Battery Exclusion in an endorsement to the Policy's commercial general liability coverage form limits coverage as follows:

**ASSAULT AND BATTERY EXCLUSION**

…

In consideration of the premium charged for the policy to which this endorsement applies, it is agreed that the insurance coverage provided by this policy shall not apply to "bodily injury" or "property damage" resulting from or arising out of, in whole or in part, assault and battery or the failure to prevent or suppress assault and battery.

(*Id.* at Form CL 6006 03 05).

29. The Policy's commercial general liability coverage form sets forth the following relating to notice of an "occurrence":

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**3. Duties In The Event Of Occurrence, Offense, Claim Or Suit.**

    **a.** You must see to it that we are notified as soon as practicable

> of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> **(1)** How, when and where the "occurrence" or offense took place;
>
> **(2)** The names and addresses of any injured persons and witnesses; and
>
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> Notice of an "occurrence" or offense is not notice of a claim or "suit."

(*Id.* at Form GL 2000 04 97, General Conditions, § IV., pp. 13–14).

### COUNT I: DECLARATORY JUDGMENT (GENTRY)

30. Oak River incorporates by reference Paragraphs 1-29 as though fully set forth herein.

31. There is no duty to defend or indemnify Gentry against liability for negligent hiring, training, supervision, retention, or restraint because these allegations do not arise out of the ownership, maintenance, or use of the Premises.

32. There is no duty to defend or indemnify Gentry against liability imposed on a *respondeat superior* theory because these allegations do not arise out of the ownership, maintenance, or use of the Premises.

33. There is no duty to defend or indemnify Gentry against liability imposed on a *respondeat superior* theory because Parks was not Gentry's employee or real estate manager. Even if Parks was Gentry's agent, employee or real estate manager, he was not performing duties on behalf of Gentry or for the benefit of Gentry when he murdered the Decedent.

34. There is no duty to defend or indemnify Gentry because the Decedent's murder resulted from or arose out of an assault and battery committed by Parks and the alleged failure to

prevent or suppress the assault and battery committed by Parks against Decedent.

35. There is no duty to defend or indemnify Gentry because Gentry failed to notify Oak River of an alleged "occurrence" as soon as practicable. Instead, Gentry delayed notifying Oak River until on or about October 25, 2018, which was after both trial and the guilty verdicts against Parks, which prejudiced Oak River's rights and ability to investigate the claim.

36. There is no duty to indemnify Gentry against any punitive or aggravating circumstances damages that may be awarded to Ms. Christiansen and against him.

37. For all of the foregoing reasons, an actual controversy exists between Oak River and Gentry, S2S, and Ms. Christiansen, which vests in the Court the power to declare the rights and liabilities of the parties.

## COUNT II: DECLARATORY JUDGMENT (S2S)

38. Oak River incorporates by reference Paragraphs 1-37 as though fully set forth herein.

39. There is no duty to defend or indemnify S2S because S2S, as a limited liability company, does not qualify to be covered as an insured for general liability coverage even if it was newly acquired or formed during the policy period and met all other terms and conditions for insured status.

40. There is no duty to defend or indemnify S2S against liability for negligent hiring, training, supervision, retention, or restraint because these allegations do not arise out of the ownership, maintenance, or use of the Premises.

41. There is no duty to defend or indemnify S2S against liability imposed on a *respondeat superior* theory because these allegations do not arise out of the ownership, maintenance, or use of the Premises.

42. There is no duty to defend or indemnify S2S against liability imposed on a *respondeat superior* theory because Parks was not S2S's employee or real estate manager. Even if Parks was S2S's employee or real estate manager, he was not performing duties on behalf of S2S or for the benefit of S2S when he murdered the Decedent.

43. There is no duty to defend or indemnify S2S because the Decedent's murder resulted from or arose out of an assault and battery committed by Parks and the alleged failure to prevent or suppress the assault and battery committed by Parks against Decedent.

44. There is no duty to defend or indemnify S2S because S2S failed to notify Oak River of an alleged "occurrence" as soon as practicable. Instead, S2S, through Gentry, delayed notifying Oak River until on or about October 25, 2018 and after guilty verdicts against Parks, which prejudiced Oak River's rights and ability to investigate the claim.

45. There is no duty to indemnify S2S against any punitive or aggravating circumstances damages that may be awarded to Ms. Christiansen and against him.

46. For all of the foregoing reasons, an actual controversy exists between Oak River and Gentry, S2S, and Ms. Christiansen, which vests in the Court the power to declare the rights and liabilities of the parties.

**WHEREFORE**, Plaintiff Oak River Insurance Company respectfully prays for judgment against Defendants Samuel R. Gentry; S2S Real Estate Management, LLC; and Lisa Christiansen, including:

A. A declaration that there is no duty to defend and or indemnify Gentry under the commercial general liability coverage form of the Policy for Ms. Christiansen's wrongful death claim;

B. A declaration that there is no duty to defend and or indemnify S2S under the

commercial general liability coverage form of the Policy for Ms. Christiansen's wrongful death claim;

    C.    The provision of such other and further relief as this Court deems just and equitable.

Dated: June 13, 2019                               Respectfully submitted,

                                                      By s/ *M. Courtney Koger*
                                                      M. Courtney Koger      MO #42343
                                                      Meredith A. Webster    MO #63310
                                                      Kutak Rock LLP
                                                      2300 Main Street, Suite 800
                                                      Kansas City, MO 64108-2432
                                                      (816) 960-0090 (Telephone)
                                                      (816) 960-0041 (Facsimile)
                                                      Courtney.Koger@kutakrock.com
                                                      Meredith.Webster@kutakrock.com

                                                      ATTORNEYS FOR PLAINTIFF
                                                      OAK RIVER INSURANCE COMPANY